UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.06-22608-CIV-O'SULLIVAN

[CONSENT]

ZHEJIANG SHAOXING YONGLI
PRINTING AND DYEING CO., LTD.,

    Plaintiff,

v.

MICROFLOCK TEXTILE GROUP
CORPORATION,

    Defendant.
_____/

## ORDER

THIS MATTER came before the Court on the Plaintiffs' Motion for Summary Judgment (DE# 61, 3/3/08). The hearing on the motion was held before the undersigned on May 2, 2008. As more fully explained below, the plaintiff is entitled to judgment as a matter of law.

## PROCEDURAL BACKGROUND

The plaintiff filed an action against the defendant for breach of contract for failing to make full payment for goods delivered and accepted. The plaintiff and the defendant had an on-going business relationship between 2002 and 2004, whereby, pursuant to purchase orders placed by the defendant, the plaintiff sold and shipped various polyester dyed fabric ("Goods") from China to the defendant in the United States.

The action involves eight (8) separate orders and shipments of the Goods, which

had an agreed total contract price in the amount of $316,797.78. (Pl.'s Ex. 1-8; DE# )
Between August 27, 2002, and March 5, 2004, the defendant made eight (8) partial payments that totaled $204,954.24. The Schedule of Partial Payment is plaintiff's Exhibit 9. The balance remaining is $111,843.54. The plaintiff claims that it is entitled to statutory interest at the rate of six percent (6%) per year from the due date of each unpaid invoice.

In support of its motion, the plaintiff filed its memorandum of law, its statement of facts and the Declaration of Lin-Qin Zhou as well as excerpts of the CISG and unpublished case law. (DE# 61-2 through 61-6, 3/3/08)

In opposition, the defendant filed a four-page response without filing the actual copies of the discovery responses it referenced in its response. Additionally, the defendant failed to comply with Local Rule 7.5B and Fed. R. Civ. P. 56(e)(2) that require a Statement of Material Facts in Dispute. The defendant also failed to filed any affidavit or declaration to support its factual assertions. After ordered to do so, the defendant filed the actual copies of the discovery responses.

A hearing on the plaintiff's motion for summary judgment was held before the undersigned on May 2, 2008.

## ANALYSIS

**I.     Standard of Review on Motion for Summary Judgment**

The court, in reviewing a motion for summary judgment, is guided by the standard set forth in Federal Rule of Civil Procedure 56(c), which states, in relevant part, as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56( c).  The moving party bears the burden of meeting this exacting standard.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986); See also Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).  That is, "[t]he moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  U.S. v. Four Parcels of Real Property, 941 F.2d 1428, 1437 (11th Cir. 1991) (quoting Celotex, 477 U.S. at 323).  In assessing whether the moving party has satisfied this burden, the court is required to view the evidence and all factual inferences arising therefrom in the light most favorable to the non-moving party.  See Batey v. Stone, 24 F.3d 1330, 1333 (11th Cir. 1994); See also Sheckells v. Agv-Usa Corp., 987 F.2d 1532, 1534 (11th Cir. 1993); Browning v. Peyton, 918 F.2d 1516, 1520 (11th Cir. 1990); Clemons v. Dougherty County, Ga., 684 F.2d 1365, 1368 (11th Cir. 1982); Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)(per curiam).

Summary judgment is appropriate when there is no dispute as to any material fact and only questions of law remain.  See Reich v. John Alden Life Ins. Co., 126 F.3d 1 (1st Cir. 1997).   If the record presents factual issues, the court must deny the motion and proceed to trial.  Adickes, 398 U.S. at 157; See also Anderson v. Liberty Lobby, Inc.,

477 U.S. 242, 255 (1986).

Despite these presumptions in favor of the non-moving party, the court must be mindful of the purpose of Rule 56 which is to eliminate the needless delay and expense to the parties and to the Court occasioned by an unnecessary trial. Celotex, 477 U.S. at 322-323. Consequently, the non-moving party cannot merely rest upon his bare assertions, conclusory allegations, surmises or conjectures. Id. As the Supreme Court noted in Celotex,

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against the party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Id. at 322-323. Thus, the mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient. There must be evidence on which the jury could reasonably find for the non-movant. Anderson, 477 U.S. at 251; See also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

II.     **The United Nations Convention on Contracts for the International Sale of Goods (1980) ("CISG") Governs.**

The parties is this action are from the United States of America and the People's Republic of China. Both countries are signatories to the United Nations Convention on Contracts for the International Sale of Goods (1980) ("CISG"). The CISG "applies to contracts of sale of goods between parties whose places of business are in different States when the States are Contracting States." CISG, Art. 1(a), *opened for signature*

April 11, 1980, S. Treaty Doc. No. 9, 98th Cong., 1st Sess. 22 (1983), 19 I.L.M. 671, *reprinted* at 15 U.S.C. app 332 (1998).  The CISG governs "the formation of the contract of sale and the rights and obligations of the seller and the buyer arising from such a contract."  CISG, Art. 4.  The CISG automatically applies to international sales contracts between parties from different contracting states unless the parties agree to exclude the application of the CISG, as stated in Article 6 of the CISG.  Because the parties did not agree to exclude the application of the CISG, the CISG provides the substantive law governing this contractual dispute.  See, MCC-Marble Ceramic Center, Inc. v. Ceramica Nuova D'Agostino, S.P.A., 144 F.3d 1384, 1387 (11th Cir. 1998).  Domestic law, including the Uniform Commercial Code as incorporated in Fla. Stat. §§ 670.101 - 680.532, does not govern the parties' contractual relationship.

Article 12 of the CISG gives Contracting States the right to require that the parties' intention to be bound by an agreement be evidenced exclusively in writing, when a Contracting State makes an Article 96 declaration:

> Any provision ... of part II of this convention that allows a contract of sale or modification or termination by agreement or any offer, acceptance or other indication of intention to be made in any form other than in writing does not apply where any party has his place of business in a Contract State which has made a declaration under Article 96 of this Convention.  The parties may not derogate form or vary the effect of this article.

CISG, Art. 12.  China has made such a declaration under Article 96.  See China North Chemical Industries Corp. v. Beston Chemical Corp., 2006 WL 295395 *18, n.6 (S.D. Tex. 2006) (unpublished).  The plaintiff's principal place of business is in the People's Republic of China.  The Chinese Declaration requires all agreements to be in writing to

be enforceable.

Under the CISG, a "contract is concluded at the moment when an acceptance of an offer becomes effective." CISG, Art. 23. The defendant provided via facsimile or e-mail written orders for various goods from the plaintiff. The purchase orders constitute offers under the CISG. The plaintiff filled the orders presented by the plaintiff, shipped the orders, and submitted written invoices and packing lists to the defendant. The invoices and packing lists constitute acceptance under the CISG. The eight contracts between the plaintiff and the defendant satisfy the CISG requirements for an enforceable contract under the CISG.

### III. There Is No Genuine Issue of Material Fact.

#### A. There Are No Written Documents to Show that the Plaintiff Agreed to Modify or Waive the Defendant's Obligation to Pay the Full Amount of the Eight Invoices.

The defendant has failed to refute the plaintiff's contention that the record is devoid of any writing to evidence any modification of the parties' eight contracts. The defendant failed to comply with Local Rule 7.5B and Fed. R. Civ. P. 56(e)(2) that require a Statement of Material Facts in Dispute. The defendant also failed to filed any affidavit or declaration to support its factual assertions. After ordered to do so, the defendant filed the actual copies of the discovery responses it referenced in its response.

It is undisputed that at no time after delivery of the Goods did the plaintiff, in writing, change, modify, waive, or in any way agree in writing to modify the defendant's obligation to pay the outstanding balance of $111,843.54 owed pursuant to the eight invoices. (Zhou Declaration, ¶ 5; DE# 61-4, Ex. 9, 3/3/08)). There is no evidence in the

record[1] to reflect a written modification of the parties' eight contracts to permit less than full payment.  Any negotiations, if they occurred or to what extent they occurred, between the parties for modified payments on the eight invoices were not made in writing, are not evidenced by a writing, and do not satisfy the requirements of the Chinese Declaration under Article 96 of the CISG.  Without any evidence of a written modification, the CISG requires this Court to enforce the invoices as stated.  See, China North Chemical Industries Corp. v. Beston Chemical Corp., 2006 WL 295395 *18, n.6 (S.D. Tex. 2006) (unpublished).  The balance owed on the subject invoices totals $111,843.54.  (Zhou Declaration, Ex. 9; DE# 61-4, 3/3/08).  There being no genuine issue as to any material fact, the plaintiff is entitled to judgment as a matter of law in its favor against the defendant in the amount of $111,843.54.

>    **B.    The Defendant Fails to Present Evidence to Create a Genuine Issue of Material Fact to Defeat Entry of Judgment as a Matter of Law in Favor of the Plaintiff.**

In its four-page opposition, the defendant maintains that the plaintiff has not satisfied the requirement that there be no genuine issue of material fact.  (Def.'s Response at ¶ 1; DE# 62, 3/18/08) The defendant concedes that it did not and "cannot produce a copy of the hundreds of writings consisting of e-mails and faxes which were exchanged over the years of business between the parties."  Id.  Instead, the defendant relies on its discovery responses to create a fact issue.   The defendant asserts that

---

[1] During the hearing, the defendant proffered that defendant's "trial exhibit 12" was a letter that reflected the defendant's request for a credit.  As the defendant conceded, the letter, however, was not part of the record. Nor did the letter present any evidence of the plaintiff's agreement to issue a credit to the defendant.

7

the following factual issues preclude summary judgment: 1) the amount of business between the parties during the course of their business relationship and the sale, delivery and payment of the subject invoices; 2) whether there was written notice of non-conforming goods; 3) the partial payments in the Statement of Account (Pl.'s Ex. 9); 4) the three year delay in bringing the action; and 4) the amount of non-payment due to delivery of defective goods. Id. at ¶¶ 2-5.

None of the purported factual issues present genuine issues of material fact. The plaintiff is entitled to judgment as a matter of law on its breach of contract claim due to non-payment of eight invoices pursuant to the CISG. The defendant did not present any testimony or documents in the record that create a genuine issue of material fact, that is, whether the parties agreed in writing to a modification of the invoices to accept less than full payment.

The defendant relies on China North Chemical Industries Corp. v. Beston Chemical Corp., 2006 WL 295395 (S.D. Tex. 2006) (unpublished), for the proposition that a fact issue exists as to the amount of non-payment due to delivery of defective goods. The defendant's reliance is misplaced. In Beston Chemical, the plaintiff's motion for partial summary judgment excluded the defendant's claim that the plaintiff breached the contract because portions of the cargo were defective or did not meet the Contract's quality specifications. Id. at *7. The plaintiff's motion for partial summary judgment was on the issue of onboard damages to the cargo after the plaintiff fulfilled its contractual obligations to deliver the cargo to the rail of the ship. The court granted the plaintiff's motion for partial summary judgment subject to any offsets for the defendant's

claims that portions of the cargo were defective or did not meet the Contract's quality specifications.

During the hearing and well after the discovery deadline expired in this action, counsel for the defendant moved *ore tenus* for an enlargement of time to conduct discovery, that is, to obtain the deposition of the plaintiff's agent in China to obtain testimony about e-mails and facsimiles that evidence the defendant's requests to credit the invoices for defective Goods. The defendant's *ore tenus* motion is untimely. The defendant did not seek an enlargement of time to respond to the plaintiff's motion for summary judgment. The action is set for trial in June. The discovery deadline expired. The defendant's *ore tenus* motion for leave to conduct discovery is DENIED.

Without written evidence of the parties' agreement to modify their invoices, the plaintiff is entitled to a judgment in its favor. The plaintiff has satisfied its burden that there is no genuine issue of material fact. The defendant has failed to submit record evidence to dispute it. Summary judgment is appropriate. See, Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986); see also, U.S. v. Four Parcels of Real Property, 941 F.2d 1428, 1437 (11th Cir. 1991).

### C.   The Plaintiff Is Not Entitled to Pre-judgment Interest.

The plaintiff also seeks pre-judgment interest under Florida law. The CISG is silent on the issue of interest. Because substantive domestic law does not apply, the plaintiff is not entitled to any interest. See AIG Baker Sterling Heights, LLC v. American Multi-Cinema, Inc., 508 F.3d 995 (11th Cir. 2007) (explaining that the issue of

availability and amount of pre-judgment interest on an arbitration award is governed by state law, not federal law); see also, Osternck v. E.T. Barwick Industries, Inc., 825 F.2d 1521, 1526 n.8 (11th Cir. 1987).  The plaintiff is not entitled to pre-judgment interest.

Accordingly, it is

**ORDERED AND ADJUDGED** that the Plaintiffs' Motion for Summary Judgment (DE# 61, 3/3/08) is GRANTED.  A judgment in the amount of $111,843.54 will be entered in favor of the plaintiff and against the defendant.

RESPECTFULLY SUBMITTED, in Chambers, at Miami, Florida, this 19th day of May, 2008.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record