UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 06-22608-CIV-O'SULLIVAN
[CONSENT]

ZHEJIANG SHAOXING YONGLI
PRINTING AND DYEING CO., LTD.,

        Plaintiff,

v.

MICROFLOCK TEXTILE GROUP
CORP.,

        Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the Defendant's[1] Motion for More Definite Statement (DE# 94, 6/21/11). Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that the Defendant's Motion for More Definite Statement (DE# 94, 6/21/11) is **DENIED**. On or before **Thursday, July 28, 2011**, the impled third parties shall comply with the terms of the Court's prior Order (DE# 91, 6/7/11).

## BACKGROUND

On May 19, 2008, the plaintiff obtained a judgment against the defendant in the amount of $111,843.54. See Final Judgment (DE# 68, 5/19/08). On July 23, 2008, the Court amended the judgment to include statutory prejudgment interest of $58,765.23 plus costs in the amount of $392.00, for a total of $171,000.77. See Amended Final Judgment (DE# 77, 7/23/08). The plaintiff has been unable to satisfy the judgment. On

---

[1] The instant motion was filed on behalf of the defendant and the impled third parties Microflock Group LLC, Microtex Inc., S E B Enterprise LLC, Kalev Barek, Eileen Barek, and Erica Gindi. See Defendant's Motion for More Definite Statement (DE# 94 at 1, 6/21/11)

February 25, 2011, the plaintiff filed a motion to commence supplementary proceedings and implead third parties pursuant to section 56.29 of the Florida Statutes. See Plaintiff's Motion to Commence Supplementary Proceedings and to Implead Third Parties (DE# 87, 2/25/11). The Court granted the plaintiff's motion on June 7, 2011 and impled third parties Microflock Group LLC, Microtex Inc., S E B Enterprise LLC, Kalev Barek, Eileen Barek, and Erica Gindi (collectively, "impled third parties"). See Order (DE# 91, 6/7/11).

The defendant and the impled third parties (collectively, "the movants") now ask the Court to require the plaintiff to file an amended motion to commence supplementary proceedings and to implead third parties. See Defendant's Motion for More Definite Statement (DE# 94 at 8, 6/21/11). The plaintiff filed its response to the instant motion on June 24, 2011. See Plaintiff's Opposition to Defendants' Motion for a More Definite Statement (DE# 95, 6/24/11). No reply was filed. This matter is now ripe for consideration.

## ANALYSIS

Although titled a "motion for more definite statement," the instant motion is really a motion for reconsideration, at least with respect to the defendant. The instant motion argues the merits of the plaintiff's motion to commence supplementary proceedings and asks that the Court reconsider its prior Order (DE# 91) permitting the plaintiff to commence supplementary proceedings against the defendant and the impled third parties. The motion states that the plaintiff's motion to commence supplementary proceedings "is non-specific, thread bare, and alleges no ultimate facts as to why the Impleaded Defendants may be liable to the Plaintiff or why assets purportedly in their possession are subject to the Plaintiff's judgment." Defendant's Motion for More Definite

2

Statement (DE# 94 at 2, 6/21/11). The motion further states that:

> [t]he **Motion to Commence Supplementary Proceedings is legally insufficient as it is contrary to fundamental principles of due process** which require that the Plaintiff provide the Defendant and Impleaded Defendants with full and fair notice of the allegations that support its claim - that assets of the Defendant were fraudulently transferred to the Impleaded Defendants.

Id. at 3 (emphasis added).

Motions for reconsideration are strongly disfavored. Generally, there are three grounds justifying reconsideration of a prior order: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or manifest injustice. Wendy's International, Inc. v. Nu-Cape Construction, Inc., 169 F.R.D. 680, 684 (M.D. Fla. 1996). None of these grounds are raised in the instant motion and the defendant does not explain why it did not raise these arguments in its response in opposition to the plaintiff's motion to commence supplementary proceedings. Notably, the defendant only sought to strike the attorney's fee request from the plaintiff's motion to commence supplementary proceedings. See Defendant's Motion to Strike Request for Costs and Attorney's Fees in Plaintiff's Motion to Commence Supplementary Proceedings and to Implead Third Parties (DE# 89, 3/11/11). The Court previously considered the merits of the Plaintiff's Motion to Commence Supplementary Proceedings and to Implead Third Parties (DE# 87, 2/25/11) and found that the plaintiff was entitled to commence supplementary proceedings and implead the third parties. See Order (DE# 91, 6/7/11). The Motion for More Definite Statement (DE# 94, 6/21/11) is **DENIED** as to the defendant.

Unlike the defendant, the impled third parties did not have an opportunity to oppose the Plaintiff's Motion to Commence Supplementary Proceedings and to Implead

Third Parties (DE# 87, 2/25/11). Nonetheless, the substantive arguments raised in the motion also lack merit and the instant motion is **DENIED** as to the impled third parties. The gist of the instant motion is that the movants' due process rights will be violated if the plaintiff is allowed to proceed with supplementary proceedings based on the allegations in Plaintiff's Motion to Commence Supplementary Proceedings and to Implead Third Parties (DE# 87, 2/25/11). The plaintiff's motion to commence supplementary proceedings alleges that the defendant "transferred funds or assets to [the impled third parties] with the intent to hinder the Plaintiff/Judgment Creditor's ability to satisfy its judgment and [that] Microflock Group LLC, Microtex Inc. and SEB Enterprise LLC are alter egos or mere continuations of Defendant." Plaintiff's Motion to Commence Supplementary Proceedings and to Implead Third Parties (DE# 87 at 4, 2/25/11). In Pollizzzi v. Paulshock, 52 So. 2d 786, 788 (Fla. 5th DCA 2010),"the motion [for proceedings supplementary and to implead third parties] alleged that the third-party defendants 'fraudulently and otherwise improperly transferred, among other things, approximately $150,000.00 in funds from DAA's operating account' to themselves and to entities they owned and controlled." On appeal, the third-party defendants argued that their due process rights had been violated. Id. at 789. The appellate court disagreed, finding that "the record establishe[d] that the third-party defendants received adequate notice of the proceedings and had the opportunity to defend against [the judgment creditor's] claims at trial." Id. Similarly here, the Court finds that the movants have been provided with adequate notice of the proceedings and will be provided with an opportunity to defend against the plaintiff's claims. See also Kobarid Holdings, S.A. v. Reizen, No. 03-23269-CIV, 2007 WL 14294, at *2 (S.D. Fla. Jan. 2, 2007) (observing

4

that "[judgment creditor] was not required . . . to set forth all transactions that may become part of the evidentiary hearing in the supplementary proceedings, in part because additional information may be obtained through future discovery from the Impleader Defendants.").

## CONCLUSION

The instant motion seeks reconsideration of the Court's prior Order (DE# 91) permitting the plaintiff to commence supplementary proceedings against the defendant and impled third parties. The defendant failed to raise substantive objections to the Plaintiff's Motion to Commence Supplementary Proceedings and to Implead Third Parties (DE# 87, 2/25/11). Additionally, the movants' due process rights have not been violated in permitting the plaintiff to commence with supplementary proceedings based on the allegations contained in the Plaintiff's Motion to Commence Supplementary Proceedings and to Implead Third Parties (DE# 87, 2/25/11). The movants have been provided with adequate notice of the proceedings and will be provided with an opportunity to defend against the plaintiff's claims. The Defendant's Motion for More Definite Statement (DE# 94, 6/21/11) is **DENIED**.

DONE AND ORDERED in Chambers, in Miami, Florida, this **8th** day of July, 2011.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record